UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GODFRIED HOPPENBROUWERS,

    Plaintiff,

v.                                               Case No. 5:06-cv-157-Oc-10GRJ

FCC COLEMAN - MEDIUM
INMATE SYSTEMS MANAGERS, et al.,

    Defendants.

_____

**ORDER DISMISSING CASE**

Plaintiff initiated this case upon the filing of a Civil Rights Complaint (Doc. 1) and paying the filing fee. The Complaint pertains to alleged mishandling of legal mail by prison officials, and seeks damages and injunctive relief against named and unnamed prison personnel for conspiracy and willful mishandling of Plaintiff's legal mail. The Complaint alleged that Plaintiff had "initiated" the prison administrative remedy process with respect to his claims, but did not allege that Plaintiff had completed the administrative remedy process. Accordingly, the Magistrate Judge ordered Plaintiff to furnish proof of exhaustion (Doc. 4).

In response to the Magistrate Judge's Order, Plaintiff reasserts that he initiated the administrative remedy process by filing an Inmate Request to Staff on April 17, 2006, inquiring as to the whereabouts of a package he had mailed to his attorney in the Netherlands in November 2005. See Doc. 5. Plaintiff states that the

package was returned to him by the Mail Room shortly after he submitted the Request to Staff.  Plaintiff argues that he is not required to pursue any further administrative remedies with respect to the claims in the Complaint which are directed at individual defendants and not the institution.

The Prison Litigation Reform Act provides as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement."  Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted."  Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

In Alexander, the Eleventh Circuit noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (citation omitted).

The BOP makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

It is apparent that the Request to Staff submitted by Plaintiff does not in any way suggest or refer to the conspiracy and willful misconduct claims that Plaintiff

now seeks to assert against the individual defendants in this case. It is clear that Plaintiff has not pursued such claims through the prison administrative remedy process. Plaintiff must pursue such administrative remedies before filing suit regardless whether the relief he seeks in the Complaint is available through the administrative remedy process. Plaintiff's failure to properly exhaust his administrative remedies prevents the BOP from having the first opportunity to address Plaintiff's claims, prior to bringing suit in federal court. See Alexander, 159 F.3d at 1327. Under these circumstances, this case must be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

## Conclusion

This case is hereby **DISMISSED without prejudice**. The Clerk of the Court shall terminate all pending motions, enter judgment dismissing this case without prejudice, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 14th day of June 2006.

UNITED STATES DISTRICT JUDGE

c: Godfried Hoppenbrouwers